IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:17cr317-MHT |
| | ) | (WO) |
| JOHN STEVEN GRIFFIN | ) | |

OPINION AND ORDER

Defendant John Steven Griffin is before the court on a petition for revocation. The petition states Griffin tested positive for methamphetamine; was discharged from the inpatient substantive-abuse treatment program at Herring Houses of Dothan, for a physical altercation with his employer; could not then be placed in inpatient treatment at The Fellowship House in Birmingham, due to his reversion to drug use; and failed to appear as ordered at his final revocation hearing before this court on October 17, 2017. During an on-the-record conference call on November 2, 2017, the parties agreed that Griffin is a drug addict, and has never had a mental-health assessment. Indeed, the

2011 presentence investigation report prepared for his underlying conviction stated that Griffin reports "stealing to support his [drug] habit," and that his mother suspected he has undiagnosed mental-health problems.

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental disease or illness. *United States v. Mosley*, No. 1:10cr118, 2017 WL 4230221 (M.D. Ala. Sept. 25, 2017). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his conviction, the court should order a mental-health evaluation, especially where one has not been done previously. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's substance-abuse disorder may affect his or her *culpability* for the offense conduct; and (2)

what type of *treatment*, if any, the defendant should receive during supervised release. The mental-health recommendation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any, defendant's mental illness played in his or her charged conduct, and what treatment is recommended for defendant's illness in light of his or her individual characteristics and history.

Griffin may face punishment for his non-compliance with the terms of his supervised release, and there is reason to believe that non-compliance was driven by the mental disorder that is his drug addiction. Further, Griffin's mental health has never been evaluated. In order to ensure that Griffin is not inappropriately punished for having a disease, to assess accurately his culpability for the offense, and to mete out any necessary rehabilitative treatment, it is ORDERED as follows:

(1) The revocation petition (doc. no. 20) is set for an evidentiary hearing on November 17, 2017, at

11:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(2) By no later than November 15, 2017, defense counsel is to arrange for, and file, a local, comprehensive mental-health evaluation of defendant John Steven Griffin.

(3) This mental-health evaluation should determine:

(a) whether defendant Griffin is suffering from a substance-abuse disorder *and* any other mental disorders;

(b) whether these other mental disorders (if any) underlie or are related to the substance-abuse disorder; and

(c) the extent to which defendant Griffin's substance-abuse disorder contributed to the charges contained in the revocation petition.

(4) The mental-health evaluation should also make recommendations as to treatment and supportive services that may assist defendant Griffin in maintaining

sobriety and complying with the terms of his supervision, and particularly should offer tailored recommendations to the extent that other treatment has not worked.

DONE, this the 2nd day of November, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE